■ MAGGIE L. COLCLOUGH, Respondent, v INTERFAITH MEDICAL CENTER et al., Appellants. [682 NYS2d 408] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Clemente, J.), entered November 10, 1997, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $400,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages from the sum of $400,000 to the sum of $275,000, and to the entry of an appropriate amended judgment in her favor in the principal sum of $275,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The plaintiff commenced this action against the defendants seeking damages for second and third degree radiation burns sustained by her decedent during radiation treatments received at the defendants' facility. The burns were sustained on parts of the decedent's body which were outside of the intended treatment area.

While conflicting expert testimony was presented concerning whether the decedent's injuries were due to radiation dermati-

tis or shingles, a review of the record in the light most favorable to the plaintiff reveals that the jury verdict on the issue of liability was supported by sufficient evidence (*see, Nicastro v Park,* 113 AD2d 129).

The defendants' remaining contentions are without merit, except that the award for damages deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.